Chase Berger, Esq. (24115617)
GHIDOTTI BERGER, LLP
9720 Coit Road Suite 220-228
Plano, Texas 75025
Ph: (305) 501-2808
Fax: (954) 780-5578
bknotifications@ghidottiberger.com

**Attorneys for Movant,**
Carvana, LLC, its successors and assigns

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FT. WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | CASE NO.: 19-40756-mxm13 |
| | § | |
| **Rolanzo Demetres Beasley, LaKeisha** | § | CHAPTER 13 |
| **Antionette Beasley,** | § | |
| **DEBTORS,** | § | |
| | § | |
| **Carvana, LLC, its successors and assigns,** | § | |
| **MOVANT,** | § | |
| | § | |
| **Rolanzo Demetres Beasley, LaKeisha** | § | |
| **Antionette Beasley, and Tim Truman, Trustee,** | § | |
| | § | |
| **RESPONDENTS.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**MOTION OF CARVANA, LLC FOR RELIEF FROM THE AUTOMATIC STAY AGAINST DEBTORS REGARDING PERSONAL PROPERTY 2015 MERCEDES-BENZ C CLASS VIN #55SWF4JB1FU088114 PURSUANT TO 11 U.S.C. § 362**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10TH ST., RM. 147, FORT WORTH, TX 76102-3643 BEFORE CLOSE OF BUSINESS ON AUGUST 2, 2021, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Carvana, LLC, its successors and/or assignees ("**Movant**"), by and through the undersigned attorney, and moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362.

1. This Motion is brought pursuant to 11 U.S.C. §362(d)(1) in accordance with Rule 4001 of the Bankruptcy Rules.

2. The borrower, **Rolanzo Demetres Beasley** ("**Borrower**") executed a Contract in favor of Movant in the original principal amount of $28,493.95 ("Contract"). Movant is an entity entitled to enforce the Contract.

3. The debt described by the Contract is secured by the 2015 MERCEDES-BENZ C CLASS VIN #55SWF4JB1FU088114 ("Vehicle) as evidenced by the Lien and Title Information ("Title") naming Movant as the lienholder thereof.

4. Subsequent to the execution of the Contract and Title, Debtors have filed for protection under Chapter 7 of Title 11 of the United States Code on February 26, 2019. However, the bankruptcy was converted to Chapter 13 on May 7, 2019.

5. Pursuant to Debtors' confirmed Plan, Debtors are required to make payments to Movant directly in accordance with the parties' Contract (Doc. 26).

6. As of July 12, 2021, the outstanding Obligations under the Contract total $22,624.58.

7. As of July 12, 2021, the amount of delinquency owed to Movant was $3,304.00 with the account due for the March 5, 2021 payment and the last payment having been received on March 20, 2021.

8. Movant submits that cause exists to grant relief under 11 U.S.C. § 362(d)(1), which provides that a party may seek relief from stay based upon "cause," including lack of adequate protection.

9. Movant submits that adequate protection in this case requires normal and periodic cash payments to Movant. Debtors have not made a payment to Movant since March 20, 2021. A continuing failure to maintain required regular payments has been held, in and of itself, to constitute sufficient cause for granting a motion to modify the stay. (In re Trident Corp., 19 BR 956,958 (Bankr. E.D. Pa. 1982), aff'd 22 BR 491 (Bankr. E.D. Pa. 1982 (citing In re Hinkle, 14 BR 202, 204 (Bankr. E.D. Pa. 1981); see also In re Jones, 189 BR 13, 15 (Bank. E.D. Okla 1995) (citing Hinkle, 14 BR at 204)). The Debtor's failure to tender regular ongoing monthly payments is sufficient cause to terminate the automatic stay.

10. Based on the foregoing, relief from the Automatic Stay should be granted to Movant.

**WHEREFORE, PREMISES CONSIDERED,** Movant, prays for:

1. An Order from this Court, pursuant to 11 U.S.C. § 362(d)(1) and/or 362(d)(2), terminating the automatic stay as to Movant so that Movant may continue all acts necessary to secure possession of the subject Vehicle and sell the Vehicle in a commercially reasonable manner without further Hearing before this Court pursuant to applicable state law;

2. For waiver of Rule 4001(a)(3) to allow Movant to immediately enforce and implement any order granting relief form the automatic stay.

3. For reasonable attorneys' fees as a secured claim under 11 U.S.C. § 506(b);

4. For costs incurred or expended in suit herein; and

5. For such other and further relief as the Court deems just and proper.

Dated: July 19, 2021

Respectfully submitted,

/s/ Chase Berger
Chase Berger, Esq.
State Bar No.: 24115617
9720 Coit Road Suite 220-228
Plano, Texas 75025
Ph: (305) 501-2808
Fax: (954) 780-5578
bknotifications@ghidottiberger.com
**COUNSEL FOR MOVANT**

Chase Berger, Esq. (24115617)
GHIDOTTI BERGER, LLP
9720 Coit Road Suite 220-228
Plano, Texas 75025
Ph: (305) 501-2808
Fax: (954) 780-5578
bknotifications@ghidottiberger.com

**Attorneys for Movant,**
Carvana, LLC, its successors and assigns

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FT. WORTH DIVISION

| | |
|---|---|
| **IN RE:** § | CASE NO.: 19-40756-mxm13 |
| § | |
| **Rolanzo Demetres Beasley, LaKeisha** § | CHAPTER 13 |
| **Antionette Beasley,** § | |
| **DEBTORS,** § | |
| § | |
| § | |
| **Carvana, LLC, its successors and assigns,** § | |
| **MOVANT,** § | |
| § | |
| § | |
| **Rolanzo Demetres Beasley, LaKeisha** § | |
| **Antionette Beasley, and Tim Truman, Trustee,** § | |
| § | |
| **RESPONDENTS.** § | |
| § | |
| § | |
| § | |
| § | |
| § | |
| § | |

**PLEASE BE ADVISED THAT IT IS THE INTENTION OF MOVANT TO OFFER INTO EVIDENCE AT ANY HEARING ON THE MOTION FILED CONCURRENTLY WITH THIS AFFIDAVIT THIS AFFIDAVIT AND PAYMENT HISTORY PURSUANT TO THE FEDERAL RULES OF EVIDENCE, RULE 902(11). THIS AFFIDVIT AND PAYMENT HISTORY ARE BEING PROVIDED TO YOU IN ADVANCE AS AN ADVERSE PARTY IN ORER TO ALLOW YOU A FAIR OPPORTUNITY TO CHALLENGE SAID RECORDS. YOU ARE HEREBY PLACED ON NTOICE OF THIS INTENTION AS REQURED BY THE FEDERAL RULES OF EVIDENCE, RULE 902(11).**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FT. WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO.: 19-40756-mxm13 |
| | § | |
| **Rolanzo Demetres Beasley, LaKeisha** | § | CHAPTER 13 |
| **Antionette Beasley,** | § | |
| | § | |
| **DEBTORS,** | § | |
| | § | |

**AFFIDAVIT IN SUPPORT OF**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

I _Jennifer Cruise_, being duly sworn, depose and say:

1.     I am employed as a _Senior Manager_ with Carvana, LLC ("Movant") and am authorized to sign this affidavit on behalf of Movant.

2.     In the regular performance of my job functions, I am familiar with and have access to the business records maintained by Movant. These records, which include date compilations, electronically imaged documents, and others, are made at or near the time of date by, or from information provided by persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by Movant. It is the regular practice of Movant's business to make and/or maintain these records including the records of any servicers of the loans, including the Subject Loan at issue in this action. Movant relies upon the accuracy of those records in conducting its business, including the Subject Loan at issue in this action.

3.     I regularly verify Movant's records, loan histories, correspondence, and communication histories. This entails reviewing, becoming familiar with, and participating in the review of documents related to loan accounts for Movant's loans. From my employment for Movant, I am familiar with its business operations and with the services that Movant offers to its customers.

4.      I have personally reviewed Movant's records as they related to the Subject Contract obligation referred to herein, and as to the following facts, I know them to be true of own knowledge or I have gained knowledge of them from my review of Movant's business records. If called upon to testify, I could and would competently testify to the following under oath.

5.      The borrower, **Rolanzo Demetres Beasley** ("**Borrower**") executed a Contract in favor of Movant in the original principal amount of $28,493.95 ("Contract"). Movant is an entity entitled to enforce the Contract. A true and correct copy of the Contract is attached as **Exhibit "1"** and is incorporated herein by reference for all purposes.

6.      All obligations (collectively, the "Obligations") of the Debtor under the Contract are secured by a 2015 MERCEDES-BENZ C CLASS VIN #55SWF4JB1FU088114 ("Vehicle") as evidenced by the Lien and Title Information ("Title") naming Movant as the lienholder thereof. A copy of the Title is attached hereto as **Exhibit "2"** and incorporated herein by reference for all purposes.

7.      Subsequent to the execution of the Contract and Title, Debtors have filed for protection under Chapter 7 of Title 11 of the United States Code on February 26, 2019. However, the bankruptcy was converted to Chapter 13 on May 7, 2019.

8.      As of July 12, 2021, the outstanding Obligations under the Contract total $22,624.58.

///

///

///

///

///

///

///

///

///

9.      As of July 12, 2021, the amount of delinquency owed to Movant was $3,304.00 with the account due for the March 5, 2021 payment and the last payment having been received on March 20, 2021. A copy of the payment history is attached hereto as **Exhibit "3"** and incorporated herein by reference for all purposes.

I solemnly affirm under penalty of perjury and upon personal knowledge that the contents of the foregoing affidavit are true.  EXECUTED on, ___7|19|2021___.

Further Affiant sayeth not.

_____
Jennifer Cruise (name)
Senior Manager (title)
Carvana, LLC

State of _____Arizona_____ )
County of __Maricopa__ )

Sworn/affirmed to and subscribed before me on this **19** day of **July**, 20**21**.  Personally known [✓] or produced identification [ ].
Type of identification produced _____.


_____
(Signature of Notary Public)
My commission expires ___3.11.2025___
Notary seal

CHRISTOPHER RYAN
Notary Public - State of Arizona
MARICOPA COUNTY
Commission # 600472
Expires March 11, 2025

# EXHIBIT "1"

tive Copy held
by the de TX-102M 9/15/2016

# MOTOR VEHICLE RETAIL INSTALLMENT SALES CONTRACT

Contract Date _____ 09/05/18

Contract No. _____ ▓▓▓▓▓

| Seller/Creditor Name and Address | Buyer Name and Address | Co-Buyer Name and Address |
|---|---|---|
| CARVANA, LLC | Rolanzo D Beasley | N/A |
| 1123 CANTRELL SANSOM RD | 1900 Christopher Creek Dr | |
| BLUE MOUND TX 76131-1411 | Little Elm TX 75068 | |
| Phone 8178061680 | Phone ▓▓▓▓▓ | Phone N/A |

The Buyer (which includes Co-Buyer) is referred to as "you" or "your". The Seller is referred to as "we" or "us". This contract may be transferred by the Seller.

## Promise to Pay

The *credit price is shown below* as the "Total Sales Price." The "Cash Price" is also shown below. By signing this contract, you choose to purchase the motor vehicle on credit according to the terms of this contract. You agree to pay us the Amount Financed, Finance Charge, and any other charges in this contract. You agree to make payments according to the Payment Schedule in this contract. If more than one person signs as a Buyer, you agree to keep all the promises in this agreement even if the others do not.

You have thoroughly inspected, accepted, and approved the motor vehicle in all respects.

## Motor Vehicle Identification

| Year | Make | Model | Vehicle Identification Number | License Number (if applicable) | | USE FOR WHICH PURCHASED |
|---|---|---|---|---|---|---|
| 2015 | Mercedes-Benz | C-Class | 55SWF4JB1FU088114 | N/A | ☐ New ☐ Demonstrator ☐ Factory Official/Executive ☒ Used | USE FOR WHICH PURCHASED<br>PURCHASED FOR PERSONAL, FAMILY, OR HOUSEHOLD USE UNLESS OTHERWISE INDICATED BELOW:<br>☐ BUSINESS OR COMMERCIAL<br>☐ AGRICULTURAL<br>If either of the above boxes is checked, Chapter 353 of the Texas Finance Code applies to this contract. |

Additional information:

N/A

## Description of Trade-In

Year N/A  Make N/A  Model N/A  VIN N/A  Odometer N/A  Lic. No. N/A

## Truth-In-Lending Disclosure

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| 18.39 % | $ 18,678.68 | $ 28,493.95 | $ 47,172.63 | $ 700.00<br>$ 47,872.63 |

**Payment Schedule.** Your payment schedule is:

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 71 | $ 657.00 | monthly beginning 10/05/18 |
| 1 | $ 525.63 | 09/05/24 |
| N/A | $ N/A | N/A |

**Security.** We will have a security interest in the motor vehicle being purchased.

**Late Charge.** If we do not receive your entire payment within 15 days after it is due, you will pay a late charge of 5% of the scheduled payment.

**Prepayment.** If you pay off all or part of this contract early, you will not have to pay a penalty.

**Additional Information.** See this document for additional information about nonpayment, default, security interests, any required repayment in full before the scheduled date, and prepayment refunds.

This is a copy view of the Authoritative Copy held...

## Itemization of Amount Financed

1. Cash Price (including any accessories, services and taxes)

   (A) Cash Price of motor vehicle being purchased
   (including sales tax of $ 1,506.25 )  $ 25,606.25

   (B) Cash Price of _____ N/A _____  $ N/A

   (C) Cash Price of _____ N/A _____  $ N/A

   (D) Cash Price of _____ N/A _____  $ N/A

   (E) Cash Price of _____ N/A _____  $ N/A

   Total Cash Price  $ 25,606.25 (1)

2. Downpayment =

   (A) Gross trade-in  $ 0.00

   (B) - payoff by Seller paid to (includes 4.(A)):
   _____ N/A _____  $ 0.00

   (C) = net trade-in (if negative, enter "0" see Line 4.A. below)  $ 0.00

   (D) + cash  $ 700.00

   (E) + Mfrs. Rebate  $ N/A

   (F) + Deferred Downpayment  $ N/A

   (G) + other (describe) _____ N/A _____  $ N/A

   Total downpayment  $ 700.00 (2)

3. Unpaid balance of cash price (1 minus 2)  $ 24,906.25 (3)

4. Other charges including amounts paid to others on your behalf
   (Seller may keep part of these amounts.):

   (A) Net trade-in payoff  $ 0.00

   (B) Cost of physical damage insurance paid to insurance co. $ N/A

   (C) Cost of optional credit insurance paid to insurance
   company or companies  $ N/A

   Life _____ N/A _____ $ N/A

   Disability _____ N/A _____ $ N/A

   (D) Other insurance paid to insurance company
   _____ N/A _____  $ N/A

   (E) Debt cancellation agreement fee paid to the Seller  $ N/A

   (F) Official fees paid to government agencies  $ 9.00

   (G) Dealer's inventory tax if not included in cash price  $ 59.70

   (H) Sales tax if not included in cash price  $ N/A

   (I) Other taxes if not included in cash price  $ N/A

   (J) Government license and/or registration fees  $ 65.00

   (K) Government certificate of title fee  $ 33.00

   (L) Government vehicle inspection fees  $ 21.00

   to state $ 14.00

   to inspection station $ 7.00

   (M) Deputy service fee paid to dealer  $ N/A

   (N) Documentary Fee. A documentary fee  $ N/A
   is not an official fee. A documentary fee is not required by law,
   but may be charged to buyers for handling documents relating
   to the sale. A documentary fee may not exceed a reasonable
   amount agreed to by the parties. This notice is required by law.

   Un cargo documental no es un cargo oficial. La ley no exige
   que se imponga un cargo documental. Pero éste podría
   cobrarse a los compradores por el manejo de la documentacíon
   en relación con la venta. Un cargo documental no puede exeder
   una cantidad razonable acordada por las partes. Esta
   notificación se exige por ley.

   (O) Other charges (Seller must identify who is paid and describe purpose)

   to Carvana for Vehicle Protection  $ 3,400.00

   to N/A for N/A  $ N/A

   to N/A for N/A  $ N/A

   to N/A for N/A  $ N/A

   to N/A for N/A  $ N/A

   to N/A for N/A  $ N/A

   Total other charges and amounts paid to others on your behalf  $ 3,587.70 (4)

5. Amount Financed (3 + 4)  $ 28,493.95 (5)

## Insurance Disclosures and Debt Cancellation Agreement

Optional credit life and credit disability insurance. Credit life insurance and credit disability insurance are not required to obtain credit. They will not be provided unless you sign and agree to pay the extra cost. Your decision to buy or not buy these insurance coverages will not be a factor in the credit approval process.

☐ Credit Life, one buyer $ N/A Term N/A
☐ Credit Life, both buyers $ N/A Term N/A
☐ Credit Disability, one buyer $ N/A Term N/A
☐ Credit Disability, both buyers $ N/A Term N/A

Credit life insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance does not cover any increase in your payment or in the number of payments.

If the term of the insurance is 121 months or longer, the premium is not fixed or approved by the Texas Insurance Commissioner. (Contracts with a balloon payment.) Credit Life Insurance is for the scheduled term of this contract. Credit Disability Insurance covers the first N/A payments and does not cover the last scheduled payment.

*You want the insurance indicated above.*

N/A

Buyer's Signature: _____ N/A _____ Date

N/A

Co-Buyer's Signature: _____ N/A _____ Date

**Optional insurance coverages and debt cancellation agreement. The granting of credit will not be dependent on the purchase of either the insurance coverages or the debt cancellation agreement described below. It will not be provided unless you sign and agree to pay the extra cost. The credit approval process will not be affected by whether or not you buy these insurance coverages or the debt cancellation agreement.**

| Coverage | Term in Months | | Premium or Fees |
|---|---|---|---|
| GAP Insurance* | N/A | ☐ | $ N/A |
| Invol. Unemployment | N/A | ☐ | $ N/A |
| Debt Cancellation Agreement** | 72 | ☐ | $ N/A |
| | N/A | ☐ | $ N/A |

* If the motor vehicle is determined to be a total loss, GAP Insurance will pay us the difference between the proceeds of your basic collision policy and the amount you owe on the motor vehicle, minus your deductible. You can cancel that insurance without charge for 10 days from the date of this contract.

** WE WILL CANCEL CERTAIN AMOUNTS YOU OWE UNDER THIS CONTRACT IN THE CASE OF A TOTAL LOSS OR THEFT OF THE VEHICLE AS STATED IN THE DEBT CANCELLATION AGREEMENT. You can cancel the debt cancellation agreement without charge for a period of 30 days from the date of this contract, or for the period stated in the debt cancellation agreement, whichever period ends later.

If the box next to a premium for an insurance coverage included above is marked, that premium is not fixed or approved by the Texas Insurance Commissioner. A debt cancellation agreement is not insurance and is regulated by the Office of Consumer Credit Commissioner.

*For the premiums or fees included above, you want the related optional coverages and debt cancellation agreement.*

N/A

Buyer's Signature: _____ N/A _____ Date

N/A

Co-Buyer's Signature: _____ N/A _____ Date

This is a copy view of the Authoritative Copy held

**PROPERTY INSURANCE.** You must keep the collateral insured against damage or loss in the amount you owe. You must keep this insurance until you have paid all that you owe under this contract. You may obtain property insurance from anyone you want or provide proof of insurance you already have. The insurer must be authorized to do business in Texas. The maximum deductible is $ 1,000 . You agree to give us proof of property insurance. You must name us as the person to be paid under the policy in the event of damage or loss.

If any insurance is included below, policies or certificates from the insurance company will describe the terms, conditions and deductibles.

*Physical damage insurance.* If we obtain physical damage insurance, the coverages, terms and premiums for these terms are set forth below.

| Coverage | Term in Months | | Premium |
|---|---|---|---|
| Collision | | | |
| (Deductible $ N/A ) | N/A | ☐ $ | N/A |
| Comprehensive | | | |
| (Deductible $ N/A ) | N/A | ☐ $ | N/A |
| Fire, Theft, and Combined | | | |
| Additional Coverage | N/A | ☐ $ | N/A |
| Other N/A | N/A | ☐ $ | N/A |

If the box next to a premium for an insurance coverage included above is marked, that premium is not fixed or approved by the Texas Insurance Commissioner. If the premium is for a required coverage, you have the option, for a period of 10 days from the date you receive a copy of this contract, of furnishing that coverage through existing policies of insurance or by obtaining like coverage from any insurance company authorized to do business in Texas.

*You agree to purchase the above indicated coverages.*

N/A _____ N/A _____
Buyer's Signature:                                  Date

N/A _____ N/A _____
Co-Buyer's Signature:                                 Date

**UNLESS A CHARGE FOR LIABILITY INSURANCE IS INCLUDED IN THE ITEMIZATION OF AMOUNT FINANCED, ANY INSURANCE REFERRED TO IN THIS CONTRACT DOES NOT INCLUDE COVERAGE FOR PERSONAL LIABILITY AND PROPERTY DAMAGE CAUSED TO OTHERS.**

## Additional Terms and Conditions

### Payments and Charges

**How We Figure the Finance Charge.** We figure the Finance Charge using the true daily earnings method as defined by the Texas Finance Code. Under the true daily earnings method, the Finance Charge will be figured by applying the daily rate to the unpaid portion of the Amount Financed for the number of days the unpaid portion of the Amount Financed is outstanding. The daily rate is 1/365th of the Annual Percentage Rate. The unpaid portion of the Amount Financed does not include late charges or returned check charges.

**How We Will Apply Your Payments.** We will apply your payments in the following order:

◆ Earned but unpaid finance charge; and
◆ Anything else you owe under this agreement.

**How Late or Early Payments Change What You Must Pay.** We based the Finance Charge, Total of Payments, and Total Sale Price as if all payments were made as scheduled. If you do not timely make all

your payments in at least the correct amount, you will have to pay more Finance Charge and your last payment will be more than your final scheduled payment or, at our option, you will have to pay more payments of the same amount as your scheduled payment with a smaller last payment. If you make scheduled payments early, your Finance Charge will be reduced (less). If you make your scheduled payments late, your Finance Charge will increase.

**Special Provisions for Balloon Payment Contracts.** A balloon payment is a scheduled payment more than twice the amount of the average of your scheduled payments, other than the downpayment, that are due before the balloon payment. You can pay all you owe when the balloon payment is due and keep your motor vehicle. If you buy the motor vehicle primarily for personal, family, or household use, you can enter into a new written agreement to refinance the balloon payment when due without a refinancing fee. If you refinance the balloon payment, your periodic payments will not be larger or more often than the payments in this contract. The annual percentage rate in the new agreement will not be more than the Annual Percentage Rate in this contract. This provision does not apply if your Payment Schedule has been adjusted to your seasonal or irregular income.

### Security Interest, Insurance and Vehicle Care

**Agreement to Keep Motor Vehicle Insured.** You agree to have physical damage insurance covering loss or damage to the motor vehicle for the term of this contract. The insurance must cover our interest in the vehicle. The insurer must be authorized to do business in Texas.

**Our Right to Purchase Required Insurance if You Fail to Keep the Motor Vehicle Insured.** If you fail to give us proof that you have insurance, we may buy physical damage insurance. We may buy insurance that covers your interest and our interest in the motor vehicle, or we may buy insurance that covers our interest only. You will pay the premium for the insurance and a finance charge at the contract rate. If we obtain collateral protection insurance, we will mail notice to you at your last known address shown in our file.

**Physical Damage Insurance Proceeds.** You must use physical damage insurance proceeds to repair the motor vehicle, unless we agree otherwise in writing. However, if the motor vehicle is a total loss, you must use the insurance proceeds to pay what you owe us. You agree that we can use any proceeds from insurance to repair the motor vehicle, or we may reduce what you owe under this contract. If we apply insurance proceeds to the amount you owe, they will be applied to your payments in the reverse order of when they are due. If your insurance on the motor vehicle or credit insurance doesn't pay all you owe, you must pay what is still owed. Once all amounts owed under this contract are paid, any remaining proceeds will be paid to you.

**Returned Insurance Premiums and Service Contract Charges.** If we get a refund on insurance or service contracts, or other contracts included in the cash price, we will subtract it from what you owe. Once all amounts owed under this contract are paid, any remaining refunds will be paid to you.

**Application of Credits.** Any credit that reduces your debt will apply to your payments in the reverse order of when they are due, unless we decide to apply it to another part of your debt. The amount of the credit and all finance charge or interest on the credit will be applied to your payments in the reverse order of your payments.

**Transfer of Rights.** We may transfer this contract to another person. That person will then have all our rights, privileges, and remedies.

**Security Interest.** To secure all you owe on this contract and all your promises in it, you give us a security interest in:

◆ the motor vehicle including all accessories and parts now or later attached and any other goods financed in this contract;
◆ all insurance proceeds and other proceeds received for the motor vehicle;
◆ any insurance policy, service contract or other contract financed by us and any proceeds of those contracts; and
◆ any refunds of charges included in this contract for insurance, or service contracts.

This is a copy view of the Authoritative Copy held

This security interest also secures any extension or modification of this contract. The certificate of title must show our security interest in the motor vehicle.

**Use and Transfer of Motor Vehicle.** You will not sell or transfer the motor vehicle without our written permission. If you do sell or transfer the motor vehicle, this will not release you from your obligations under this contract, and we may charge you a transfer of equity fee of $25 ($50 for a heavy commercial vehicle). You will promptly tell us in writing if you change your address or the address where you keep the motor vehicle. You will not remove the motor vehicle from Texas for more than 30 days unless you first get our written permission.

**Care of the Motor Vehicle.** You agree to keep the motor vehicle free from all liens and claims except those that secure this contract. You will timely pay all taxes, fines, or charges pertaining to the motor vehicle. You will keep the motor vehicle in good repair. You will not allow the motor vehicle to be seized or placed in jeopardy, or use it illegally. You must pay all you owe even if the motor vehicle is lost, damaged or destroyed. If a third party takes a lien or claim against or possession of the motor vehicle, we may pay the third party any cost required to free the motor vehicle from all liens or claims. You may immediately demand that you pay us the amount paid to the third party for the motor vehicle. If you do not pay this amount, we may repossess the motor vehicle and add that amount to the amount you owe. If we do not repossess the motor vehicle, we may still demand that you pay us, but we cannot compute a finance charge on this amount.

## Failure to Pay on Time or Keep Other Promises

**Default.** You will be in default if:

◆ You do not pay any amount when it is due;

◆ You break any of your promises in this agreement;

◆ You allow a judgment to be entered against you or the collateral; or

◆ You file bankruptcy, bankruptcy is filed against you, or the motor vehicle becomes involved in bankruptcy.

If you default, we can exercise our rights under this contract and our other rights under the law.

**Late Charge.** You will pay us a late charge as agreed to in this contract when it accrues.

**Repossession.** If you default, we may repossess the motor vehicle from you if we do so without breaching the peace. If any personal items are in the motor vehicle, we can store them for you and give you written notice at your last address shown on our records within 15 days of discovering that we have your personal items. If you do not ask for these items back within 31 days from the day we mail or deliver the notice to you, we may dispose of them as applicable law allows. Any accessory, equipment, or replacement part stays with the motor vehicle.

**Your Right to Redeem.** If we take your motor vehicle, we will tell you how much you have to pay to get it back. If you do not pay us to get the motor vehicle back, we can sell it or take other action allowed by law. Your right to redeem ends when the motor vehicle is sold or we have entered into a contract for sale or accepted the collateral as full or partial satisfaction of a contract.

**Disposition of the Motor Vehicle.** If you don't pay us to get the motor vehicle back, we can sell it or take other action allowed by law. If we sell the motor vehicle in a public or private sale, we will send you notice at least 10 days before we sell it. We can use the money we get from selling it to pay allowed expenses and to reduce the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the motor vehicle, holding it, preparing it for sale, and selling it. If any money is left, we will pay it to you unless we must pay it to someone else. If the money from the sale is not enough to pay all you owe, you must pay the rest of what you owe us plus interest. If we take or sell the motor vehicle, you will give us the certificate of title and any other document required by state law to record transfer of title.

**Collection Costs.** If we hire an attorney who is not our employee to enforce this contract, you will pay reasonable attorney's fees and court costs as the applicable law allows.

**Cancellation of Optional Insurance and Service Contracts.** This contract may contain charges for insurance or service contracts or for services included in the cash price. If you default, you agree that we can claim benefits under these contracts to the extent allowable, and terminate them to obtain refunds of unearned charges to reduce what you owe or repair the motor vehicle. If the motor vehicle is a total loss because it is damaged or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**Our Right to Demand Payment in Full.** If you default, or we believe in good faith that you are not going to keep any of your promises, we can demand that you immediately pay all that you owe. We don't have to give you notice that we are demanding or intend to demand immediate payment of all that you owe.

**Servicing and Collection Contact.** We may try to contact you at any mailing address, email address, or phone number you give us, as the law allows. We may try to contact you in writing (including mail, email, and text messages) and by phone (including prerecorded or artificial voice messages and automatic telephone dialing systems).

**Returned Check Fee.** You agree to pay us a fee of up to $30 for a returned check. We can add the fee to the amount you owe or collect it separately.

## General Terms

**Integration and Severability Clause.** This contract contains the entire agreement between you and us relating to the sale and financing of the motor vehicle. If any part of this contract is not valid, all other parts stay valid.

**Legal Limitation on Our Rights.** If we don't enforce our rights every time, we can still enforce them later. We will exercise all of our rights in a lawful way. You don't have to pay finance charge or other amounts that are more than the law allows. This provision prevails over all other parts of this contract and over all our other acts.

**Applicable Law.** Federal law and Texas law apply to this contract.

## Seller's Disclaimer of Warranties.

**Unless the seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the seller makes no warranties, express or implied, on the motor vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose. This provision does not affect any warranties covering the motor vehicle that the motor vehicle manufacturer may provide.**

## Notices

**NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.** This provision applies to this contract only if the motor vehicle financed in the contract was purchased for personal, family, or household use.

---

**Used Car Buyer's Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

Spanish Translation:

**Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

---

This is a copy view of the Authoritative Copy held<br>by the document custodian.

## Negotiability

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

## Signatures

Any change to this contract must be in writing. Both you and we must sign it. No oral changes to this contract are enforceable.

_Rolanzo B_

Buyer's Signature:          Rolanzo D Beasley

N/A

Co-Buyer's Signature:

**Notice to the Buyer. Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to a copy of the contract you sign. Under the law, you have a right to pay off in advance all that you owe and under certain conditions may save a portion of the Finance Charge. Keep this contract to protect your legal rights.**

**BUYER'S ACKNOWLEDGMENT OF CONTRACT RECEIPT. YOU AGREE TO THE TERMS OF THIS CONTRACT AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF IT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT.**

**Buyer**

_Rolanzo B_                                09/05/18

Buyer's Signature:          Rolanzo D Beasley          Date

N/A                                         N/A

Co-Buyer's Signature:                              Date

**Other Owner:** An "other owner" is a person whose name will appear on the title of the motor vehicle described in this contract, but is not a Buyer or Co-Buyer obligated to make payments under this contract. By signing below, the other owner agrees to the security interest given in the motor vehicle by this contract. The other owner also agrees that the other owner's interest in the motor vehicle may be used to satisfy the obligations of Buyer and Co-Buyer under this contract. **Other owner acknowledges receipt of a completed copy of this contract.**

N/A                                         N/A

Other Owner                                 Date

**Seller**

_Carl Fox_                                  09/05/18

By:          CARVANA, LLC                   Date

**THIS CONTRACT IS NOT VALID UNTIL YOU AND WE SIGN IT.**

---

**OCCC NOTICE. For questions or complaints about this contract, contact** Carvana, LLC
**(name of creditor) at** 1-800-333-4554 **(phone) and**
1930 W. Rio Salado Pkwy
Tempe, AZ 85281 **(other contact information).**
**The Office of Consumer Credit Commissioner (OCCC) is a state agency, and it enforces certain laws that apply to this contract. If a complaint or question cannot be resolved by contacting the creditor, consumers can contact the OCCC to file a complaint or ask a general credit-related question. OCCC address: 2601 N. Lamar Blvd., Austin, Texas 78705. Phone: (800) 538-1579. Fax: (512) 936-7610. Website: occc.texas.gov. E-mail: consumer.complaints@occc.texas.gov.**

**Assignment.** This Motor Vehicle Retail Installment Sales Contract is assigned to N/A ,

the Assignee, phone N/A . This Assignment is made under the terms of a separate agreement made between the Seller and Assignee. ☐ This Assignment is made with recourse. ☐ This Assignment is made without recourse.

**Seller**

N/A

By                                          Date

**CARVANA**

1930 W. Rio Salado Pkwy
Tempe, AZ 85281
Office: 602.852.6604
Fax: 602.667.2581
Email: legal@carvana.com

Date: September 09, 2019

To Whom It May Concern,

This letter shall serve as formal acknowledgement that Bridgecrest is a valid loan servicer for Carvana loans.

If you have any questions, please contact me at the email address or phone number above.

Sincerely,

Name: Paul Breaux

Title: General Counsel, Vice President, and Secretary

# EXHIBIT "2"



Collateral Management Services
9750 Goethe Road | Sacramento, CA 95827
www.dealertrack.com

# Carvana LLC

## Lien and Title Information

### Lienholder

| | |
|---|---|
| **ELT Lien ID** | ███████ |
| **Lienholder** | CARVANA LLC |
| **Lienholder Address** | PO BOX 29002 |
| | PHOENIX, AZ 85038 |
| **Lien Release Date** | |

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| **VIN** | 55SWF4JB1FU088114 | **Issuance Date** | 10/19/2018 |
| **Title Number** | ████████ | **Received Date** | 10/20/2018 |
| **Title State** | TX | **ELT/Paper** | ELECTRONIC |
| **Year** | 2015 | **Odometer Reading** | 25520 |
| **Make** | MERZ | **Branding** | |
| **Model** | | | |
| **Owner 1** | ROLANZO D BEASLEY | | |
| **Owner 2** | | | |
| **Owner Address** | 1900 CHRISTOPHER CREEK DR | | |
| | LITTLE ELM, TX 75068 | | |

**Printed:** Friday, September 06, 2019 8:13:18 AM PST

# EXHIBIT "3"

| Transaction Date | Transaction Amount | Transaction Event | Reversal Reason | NSF Date | Current Due Date | Amount Due | Partial Pay | Remaining Due | Principal | Interest | Late Fee | Other Fee | Per Diem | Days Between Payments | Next Due Date | Principal Outstanding | Receipt Number | Lot Number | Check Number | Posted Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/20/2021 | (5.00) | Late Fee Assessment | | | 3/5/2021 | 657.00 | 1.00 | 656.00 | 0.00 | 0.00 | (5.00) | 0.00 | 10.72 | | 3/5/2021 | 21,275.70 | 0 | 0 | | 6/20/2021 |
| 5/20/2021 | (5.00) | Late Fee Assessment | | | 3/5/2021 | 657.00 | 1.00 | 656.00 | 0.00 | 0.00 | (5.00) | 0.00 | 10.72 | | 3/5/2021 | 21,275.70 | 0 | 0 | | 5/20/2021 |
| 4/20/2021 | (5.00) | Late Fee Assessment | | | 3/5/2021 | 657.00 | 1.00 | 656.00 | 0.00 | 0.00 | (5.00) | 0.00 | 10.72 | | 3/5/2021 | 21,275.70 | 0 | 0 | | 4/20/2021 |
| 3/20/2021 | 657.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 2/5/2021 | 657.00 | 1.00 | 656.00 | 245.08 | 411.92 | 0.00 | 0.00 | 10.72 | 38 | 3/5/2021 | 21,275.70 | 29274229 | 10592 | | 3/20/2021 |
| 2/10/2021 | 657.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 1/5/2021 | 657.00 | 1.00 | 656.00 | 348.56 | 308.44 | 0.00 | 0.00 | 10.84 | 28 | 2/5/2021 | 21,520.78 | 28224069 | 10592 | | 2/10/2021 |
| 1/13/2021 | 658.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 12/5/2020 | 657.00 | 1.00 | 656.00 | 213.92 | 444.08 | 0.00 | 0.00 | 11.02 | 40 | 1/5/2021 | 21,869.34 | 27554758 | 10592 | | 1/13/2021 |
| 12/20/2020 | (5.00) | Late Fee Assessment | | | 12/5/2020 | 657.00 | 0.00 | 657.00 | 0.00 | 0.00 | (5.00) | 0.00 | 11.09 | | 12/5/2020 | 22,083.26 | 0 | 0 | | 12/20/2020 |
| 12/4/2020 | 662.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 11/5/2020 | 657.00 | 0.00 | 657.00 | 319.40 | 337.60 | 5.00 | 0.00 | 11.09 | 30 | 12/5/2020 | 22,083.26 | 26638997 | 10592 | | 12/4/2020 |
| 11/20/2020 | (5.00) | Late Fee Assessment | | | 11/5/2020 | 657.00 | 0.00 | 657.00 | 0.00 | 0.00 | (5.00) | 0.00 | 11.25 | | 11/5/2020 | 22,402.66 | 0 | 0 | | 11/20/2020 |
| 11/4/2020 | 662.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 10/5/2020 | 657.00 | 0.00 | 657.00 | 303.42 | 353.58 | 5.00 | 0.00 | 11.25 | 31 | 11/5/2020 | 22,402.66 | 25941101 | 10592 | | 11/4/2020 |
| 10/20/2020 | (5.00) | Late Fee Assessment | | | 10/5/2020 | 657.00 | 0.00 | 657.00 | 0.00 | 0.00 | (5.00) | 0.00 | 11.41 | | 10/5/2020 | 22,706.08 | 0 | 0 | | 10/20/2020 |
| 10/4/2020 | 657.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 9/5/2020 | 657.00 | 0.00 | 657.00 | 321.55 | 335.45 | 0.00 | 0.00 | 11.41 | 29 | 10/5/2020 | 22,706.08 | 25268638 | 10592 | | 10/4/2020 |
| 9/5/2020 | 657.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 8/5/2020 | 657.00 | 0.00 | 657.00 | 293.84 | 363.16 | 0.00 | 0.00 | 11.57 | 31 | 9/5/2020 | 23,027.63 | 24619540 | 10592 | | 9/5/2020 |
| 8/5/2020 | 657.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 7/5/2020 | 657.00 | 0.00 | 657.00 | 289.33 | 367.67 | 0.00 | 0.00 | 11.71 | 31 | 8/5/2020 | 23,321.47 | 23912640 | 10592 | | 8/5/2020 |
| 7/5/2020 | 657.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 6/5/2020 | 657.00 | 0.00 | 657.00 | 296.72 | 360.28 | 0.00 | 0.00 | 11.86 | 30 | 7/5/2020 | 23,610.80 | 23253882 | 10592 | | 7/5/2020 |
| 6/5/2020 | 657.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 5/5/2020 | 657.00 | 0.00 | 657.00 | 232.59 | 424.41 | 0.00 | 0.00 | 12.01 | 35 | 6/5/2020 | 23,907.52 | 22602204 | 10592 | | 6/5/2020 |
| 5/1/2020 | 657.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 4/5/2020 | 657.00 | 0.00 | 657.00 | 300.96 | 356.04 | 0.00 | 0.00 | 12.13 | 29 | 5/5/2020 | 24,140.11 | 21862618 | 10592 | | 5/1/2020 |
| 4/2/2020 | 619.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 3/5/2020 | 657.00 | 0.00 | 657.00 | 278.73 | 335.27 | 5.00 | 0.00 | 12.28 | 27 | 4/5/2020 | 24,441.07 | 21243596 | 10592 | | 4/2/2020 |
| 3/6/20 | 700.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 2/5/2020 | 657.00 | 43.00 | 614.00 | 273.15 | 426.85 | 0.00 | 0.00 | 12.42 | 34 | 3/5/2020 | 24,719.80 | 20731990 | 10592 | | 3/6/2020 |
| 2/20/2020 | (5.00) | Late Fee Assessment | | | 2/5/2020 | 657.00 | 0.00 | 657.00 | 0.00 | 0.00 | (5.00) | 0.00 | 12.55 | | 2/5/2020 | 24,992.95 | 0 | 0 | | 2/20/2020 |
| 2/1/2020 | 677.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 1/5/2020 | 657.00 | 0.00 | 657.00 | 313.77 | 343.23 | 20.00 | 0.00 | 12.55 | 27 | 2/5/2020 | 24,992.95 | 20054584 | 10592 | | 2/1/2020 |
| 2/1/2020 | 11.00 | NSF Fee Paid--ONE TIME ACH PAYMENT | | | 1/5/2020 | 657.00 | 0.00 | 657.00 | 0.00 | 0.00 | 0.00 | 11.00 | 12.71 | | 1/5/2020 | 25,306.72 | 20054584 | 10592 | | 2/1/2020 |
| 1/5/2020 | 796.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 11/5/2019 | 657.00 | 0.00 | 657.00 | 458.71 | 337.29 | 0.00 | 0.00 | 12.71 | 26 | 1/5/2020 | 25,306.72 | 19533329 | 10592 | | 1/5/2020 |
| 1/5/2020 | 4.00 | NSF Fee Paid--ONE TIME ACH PAYMENT | | | 11/5/2019 | 657.00 | 518.00 | 139.00 | 0.00 | 0.00 | 0.00 | 4.00 | 12.94 | | 11/5/2019 | 25,765.43 | 19533329 | 10592 | | 1/5/2020 |
| 12/10/2019 | 800.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 10/5/2019 | 657.00 | 518.00 | 139.00 | 185.64 | 614.36 | 0.00 | 0.00 | 12.98 | 47 | 11/5/2019 | 25,765.43 | 19031151 | 10592 | | 12/10/2019 |
| 11/20/2019 | (5.00) | Late Fee Assessment | | | 10/5/2019 | 657.00 | 375.00 | 282.00 | 0.00 | 0.00 | (5.00) | 0.00 | 13.07 | | 10/5/2019 | 25,951.07 | 0 | 0 | | 11/20/2019 |
| 10/24/2019 | 700.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 9/5/2019 | 657.00 | 375.00 | 282.00 | 303.27 | 396.73 | 0.00 | 0.00 | 13.07 | 30 | 10/5/2019 | 25,951.07 | 18168472 | 10592 | | 10/24/2019 |
| 10/20/2019 | (5.00) | Late Fee Assessment | | | 9/5/2019 | 657.00 | 332.00 | 325.00 | 0.00 | 0.00 | (5.00) | 0.00 | 13.22 | | 9/5/2019 | 26,254.34 | 0 | 0 | | 10/20/2019 |
| 9/24/2019 | 700.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 8/5/2019 | 657.00 | 332.00 | 325.00 | 407.86 | 292.14 | 0.00 | 0.00 | 13.22 | 21 | 9/5/2019 | 26,254.34 | 17636108 | 10592 | | 9/24/2019 |
| 9/20/2019 | (5.00) | Late Fee Assessment | | | 8/5/2019 | 657.00 | 289.00 | 368.00 | 0.00 | 0.00 | (5.00) | 0.00 | 13.43 | | 8/5/2019 | 26,662.20 | 0 | 0 | | 9/20/2019 |
| 9/3/2019 | 700.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 7/5/2019 | 657.00 | 289.00 | 368.00 | 0.00 | 700.00 | 0.00 | 0.00 | 13.43 | 23 | 8/5/2019 | 26,662.20 | 17261637 | 10592 | | 9/3/2019 |
| 8/11/2019 | 700.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 6/5/2019 | 657.00 | 246.00 | 411.00 | 0.00 | 700.00 | 0.00 | 0.00 | 13.43 | 82 | 7/5/2019 | 26,662.20 | 16874857 | 10592 | | 8/11/2019 |
| 6/28/2019 | (15.00) | NSF Fee Assessment | | | 6/5/2019 | 657.00 | 203.00 | 454.00 | 0.00 | 0.00 | 0.00 | (15.00) | 12.92 | | 6/5/2019 | 25,650.67 | 0 | 0 | | 6/28/2019 |
| 6/26/2019 | (1,500.00) | Normal Payment Reversal--ONE TIME ACH PAYMENT | NSF - Insufficient Funds | 6/28/2019 | 6/5/2019 | 657.00 | 203.00 | 454.00 | 0.00 | (1,011.53) | (483.47) | (5.00) | 13.43 | | 6/5/2019 | 26,662.20 | 16067901 | 10592 | | 6/28/2019 |
| 6/26/2019 | 1,500.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 6/5/2019 | 657.00 | 384.00 | 273.00 | 1,011.53 | 483.47 | 5.00 | 0.00 | 12.92 | 36 | 8/5/2019 | 25,650.67 | 16067901 | 10592 | | 6/26/2019 |
| 6/20/2019 | (5.00) | Late Fee Assessment | | | 6/5/2019 | 657.00 | 203.00 | 454.00 | 0.00 | 0.00 | (5.00) | 0.00 | 13.43 | | 6/5/2019 | 26,662.20 | 0 | 0 | | 6/20/2019 |
| 5/21/2019 | 1,485.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 4/5/2019 | 657.00 | 203.00 | 454.00 | 946.24 | 523.76 | 15.00 | 0.00 | 13.43 | 30 | 6/5/2019 | 26,662.20 | 15483996 | 10592 | | 5/21/2019 |
| 5/21/2019 | 15.00 | NSF Fee Paid--ONE TIME ACH PAYMENT | | | 4/5/2019 | 657.00 | 47.00 | 610.00 | 0.00 | 0.00 | 0.00 | 15.00 | 13.91 | | 4/5/2019 | 27,608.44 | 15483996 | 10592 | | 5/21/2019 |
| 5/20/2019 | (5.00) | Late Fee Assessment | | | 4/5/2019 | 657.00 | 47.00 | 610.00 | 0.00 | 0.00 | (5.00) | 0.00 | 13.91 | | 4/5/2019 | 27,608.44 | 0 | 0 | | 5/20/2019 |
| 4/21/2019 | 700.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 3/5/2019 | 657.00 | 47.00 | 610.00 | 0.00 | 700.00 | 0.00 | 0.00 | 13.91 | 58 | 4/5/2019 | 27,608.44 | 15002659 | 10592 | | 4/21/2019 |
| 4/20/2019 | (5.00) | Late Fee Assessment | | | 3/5/2019 | 657.00 | 4.00 | 653.00 | 0.00 | 0.00 | (5.00) | 0.00 | 13.78 | | 3/5/2019 | 27,358.44 | 0 | 0 | | 4/20/2019 |
| 3/28/2019 | (15.00) | NSF Fee Assessment | | | 3/5/2019 | 657.00 | 4.00 | 653.00 | 0.00 | 0.00 | 0.00 | (15.00) | 13.78 | | 3/5/2019 | 27,358.44 | 0 | 0 | | 3/28/2019 |
| 3/26/2019 | (700.00) | Payment Reversal--ONE TIME ACH PAYMENT | NSF - Insufficient Funds | 3/28/2019 | 3/5/2019 | 657.00 | 4.00 | 653.00 | (250.00) | (445.00) | (5.00) | 0.00 | 13.91 | | 3/5/2019 | 27,608.44 | 14567123 | 10592 | | 3/26/2019 |
| 3/26/2019 | 700.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 3/5/2019 | 657.00 | 42.00 | 615.00 | 250.00 | 445.00 | 5.00 | 0.00 | 13.78 | 32 | 4/5/2019 | 27,358.44 | 14567123 | 10592 | | 3/26/2019 |
| 3/20/2019 | (5.00) | Late Fee Assessment | | | 3/5/2019 | 657.00 | 4.00 | 653.00 | 0.00 | 0.00 | (5.00) | 0.00 | 13.91 | | 3/5/2019 | 27,608.44 | 0 | 0 | | 3/20/2019 |

| | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/22/2019 | 660.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 2/5/2019 | 657.00 | 4.00 | 653.00 | 218.71 | 436.29 | 5.00 | 0.00 | 13.91 | 16 | 3/5/2019 | 27,608.44 | 14053132 | 10592 | | 2/22/2019 |
| 2/6/2019 | 657.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 1/5/2019 | 657.00 | 6.00 | 651.00 | 0.00 | 657.00 | 0.00 | 0.00 | 14.02 | 62 | 2/5/2019 | 27,827.15 | 13805141 | 10592 | | 2/6/2019 |
| 1/20/2019 | (5.00) | Late Fee Assessment | | | 1/5/2019 | 657.00 | 6.00 | 651.00 | 0.00 | 0.00 | (5.00) | 0.00 | 14.02 | | 1/5/2019 | 27,827.15 | 0 | 0 | | 1/20/2019 |
| 12/6/2018 | 660.00 | Normal Payment--ONE TIME ACH PAYMENT | | | 12/5/2018 | 657.00 | 6.00 | 651.00 | 235.94 | 424.06 | 0.00 | 0.00 | 14.02 | 30 | 1/5/2019 | 27,827.15 | 12907418 | 10592 | | 12/6/2018 |
| 11/6/2018 | 657.00 | Normal Payment--GO ONE TIME ACH PAYMENT | | | 11/5/2018 | 657.00 | 3.00 | 654.00 | 201.43 | 455.57 | 0.00 | 0.00 | 14.14 | 32 | 12/5/2018 | 28,063.09 | 1478475 | 19992 | | 11/6/2018 |
| 10/5/2018 | 660.00 | Normal Payment--GO ONE TIME ACH PAYMENT | | | 11/5/2018 | 657.00 | 3.00 | 654.00 | 229.43 | 430.57 | 0.00 | 0.00 | 14.24 | 0 | 11/5/2018 | 28,264.52 | 1397498 | 19992 | | 10/5/2018 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | CASE NO.: 19-40756-mxm13 |
| | § | |
| **Rolanzo Demetres Beasley, LaKeisha** | § | CHAPTER 13 |
| **Antionette Beasley,** | § | |
| **DEBTORS,** | § | |
| | § | |
| **Carvana, LLC, its successors and assigns,** | § | |
| **MOVANT,** | § | |
| | § | |
| **Rolanzo Demetres Beasley, LaKeisha** | § | |
| **Antionette Beasley, and Tim Truman, Trustee,** | § | |
| | § | |
| | § | |
| **RESPONDENTS.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## **ORDER LIFTING STAY AS TO DEBTOR AND CO-DEBTOR**

On this day came on or before the Court the Motion of Carvana, LLC, Movant, for Relief from the Automatic Stay. The Court is advised that after proper notice and timely service of the Motion, no response has been filed and the Motion should be granted. Therefore, it is

ORDERED that the stay of 11 U.S.C. §362 is terminated with respect to Movant on the following described property, to wit:

**2015 MERCEDES-BENZ C CLASS bearing the VIN: 55SWF4JB1FU088114 ("Vehicle").**

It is further

ORDERED that the provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure is hereby waived and Carvana, LLC may immediately enforce and implement this Order Lifting Stay.

###End of Order###

APPROVED AS TO FORM AND SUBSTANCE
GHIDOTTI BERGER
/s/ Chase Berger
Chase Berger, Esq.
State Bar No.: 24115617
9720 Coit Road Suite 220-228
Plano, Texas 75025
Ph: (305) 501-2808
Fax: (954) 780-5578
bknotifications@ghidottiberger.com
**COUNSEL FOR MOVANT**

Chase Berger, Esq. (24115617)
GHIDOTTI | BERGER
9720 Coit Road Suite 220-228
Plano, Texas 75025
Ph: (305) 501-2808
Fax: (954) 780-5578
bknotifications@ghidottiberger.com

**Attorney for Movant,**
Carvana, LLC, its successors and assigns

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FT. WORTH DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | CASE NO.: 19-40756-mxm13 |
| | § | |
| **Rolanzo Demetres Beasley, LaKeisha** | § | CHAPTER 13 |
| **Antionette Beasley,** | § | |
| **DEBTORS,** | § | **CERTIFICATE OF SERVICE** |
| | § | |
| **Carvana, LLC, its successors and assigns,** | § | |
| **MOVANT,** | § | |
| | § | |
| **Rolanzo Demetres Beasley, LaKeisha** | § | |
| **Antionette Beasley, and Tim Truman, Trustee,** | § | |
| | § | |
| | § | |
| **RESPONDENTS.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of

eighteen and not a party to the within action. My business address is: 1920 Old Tustin Ave.,

Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On July 19, 2021, I served the following documents described as:

- **NOTICE OF PRELIMINARY HEARING ON MOVANT'S MOTION FOR RELIEF FROM AUTOMATIC STAY**
- **MOTION AND NOTICE OF MOTION FOR RELIEF FROM THE AUTOTMATIC STAY**
- **DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
- **EXHIBITS IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
- **PROPOSED ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| | |
|---|---|
| **Debtor** <br> **Rolanzo Demetres Beasley** <br> 412 Elm Creek Drive <br> McKinney, TX 75071 <br><br> **Debtor** <br> **LaKeisha Antionette Beasley** <br> 412 Elm Creek Drive <br> McKinney, TX 75071 <br><br> **US Trustee** <br> **United States Trustee** <br> 1100 Commerce Street <br> Room 976 <br> Dallas, TX | **Debtors' Counsel** <br> **James K. Ince** <br> Ince Law Office <br> P.O. Box 951 <br> Mineral Wells, TX 76068-0951 <br><br> **Chapter 13 Trustee** <br> **Tim Truman** <br> 6851 N.E. Loop 820, Suite 300 <br> N Richland Hills, TX 76180 |

   xx    (By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

CERTIFICATE OF SERVICE

____xx__ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 19, 2021, at Santa Ana, California,

*/s / Brandy Carroll*
Brandy Carroll

CERTIFICATE OF SERVICE